MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JAIME GARCIA PACHECO, *individually and*
*on behalf of others similarly situated,*

*Plaintiff,*

-against-

SHREE LAXMI RESTAURANT INC. (d/b/a
SWAGAT), ABISHEK SHARMA, and LALA R.
SHARMA

*Defendants.*

-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)
AND RULE 23 CLASS
ACTION**

**ECF Case**

Plaintiff Jaime Garcia Pacheco ("Plaintiff Garcia" or "Mr. Garcia"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against Shree Laxmi Restaurant Inc. (d/b/a Swagat), ("Defendant Corporation"), Abishek Sharma, and Lala R. Sharma (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Jaime Garcia Pacheco is a former employee of Defendants Shree Laxmi Restaurant Inc. (d/b/a Swagat), Abishek Sharma, and Lala R. Sharma.

2.    Swagat is an Indian restaurant located at 411 Amsterdam Avenue, New York, New York 10024.

3.     Upon information and belief, Defendants Abishek Sharma and Lala R. Sharma serve or served as owners, managers, principals and/or agents of Defendant Corporation and through this corporate entity operate the Indian restaurant.

4.     Plaintiff Garcia is a former employee of Defendants.

5.     Plaintiff Garcia was ostensibly employed as a delivery worker, but he was required to spend a substantial amount of time each day performing non-tipped duties unrelated to delivery work, including: dishwashing, food preparing, taking out the garbage, twisting and tying up cardboard boxes, stocking deliveries in the refrigerators or the shelves, refilling the containers for the cooks, cleaning the grill, the walls, the kitchen, and the bathroom, and sweeping and mopping  (hereinafter "non-tip non-delivery duties").

6.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Garcia and other employees to work in excess of 40 hours per week without receiving the applicable minimum wage or appropriate overtime compensation for the hours that he worked.

7.     Defendants employed and accounted for Plaintiff Garcia as a delivery worker in their payroll, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped duties alleged above.

8.     Regardless of duties, Defendants paid Plaintiff Garcia and all other delivery workers at a rate lower than the required tip-credit rate.

9.     In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip-credit because Plaintiff Garcia's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

2

10.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Garcia's actual duties in payroll records to avoid paying Plaintiff Garcia at the minimum wage rate, and to enable them to pay Plaintiff Garcia at the lower tip-credited rate, which they still failed to do, by designating him as a delivery worker instead of a non-tipped employee.

11.     Defendants' conduct extended beyond Plaintiff Garcia to all other similarly situated employees.

12.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Garcia  and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiff Garcia now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiff Garcia now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Garcia's state law claims is conferred by 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Garcia was employed by Defendants in this district.

## **PARTIES**

### *Plaintiff*

17.     Plaintiff Garcia is an adult individual residing in Queens County, New York.

18.     Plaintiff Garcia was employed by Defendants from approximately September 2016 until on or about January 2017.

19.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Garcia consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

20.     At all times relevant to this Complaint, Defendants owned, operated, and/or controlled an Indian restaurant located at 411 Amsterdam Avenue, New York, New York 10024 under the name "Swagat."

21.     Upon information and belief, Defendant Shree Laxmi Restaurant Inc. (d/b/a Swagat) is a corporation organized and existing under the laws of the State of New York.

22.    Upon information and belief, it maintains its principal place of business at 411 Amsterdam Avenue, New York, New York 10024.

23.    Defendant Abishek Sharma is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Abishek Sharma is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

24.    Defendant Abishek Sharma possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

25.    Defendant Abishek Sharma determined the wages and compensation of the employees of Defendants, including Plaintiff Garcia, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

26.    Defendant Lala R. Sharma is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Lala R. Sharma is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

27.    Defendant Lala R. Sharma possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

28.    Defendant Lala R. Sharma determined the wages and compensation of the employees of Defendants, including Plaintiff Garcia, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.    Defendants operate an Indian restaurant located at 411 Amsterdam Avenue, New York, New York 10024.

30.     Individual Defendants Abishek Sharma and Lala R. Sharma possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

31.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

32.    Each Defendant possessed substantial control over Plaintiff Garcia's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Garcia, and all similarly situated individuals, referred to herein.

33.    Defendants jointly employed Plaintiff Garcia, and all similarly situated individuals, and are Plaintiff Garcia's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiff Garcia and/or similarly situated individuals.

35.    Upon information and belief, individual Defendants Abishek Sharma and Lala R. Sharma operate Defendant Corporation as either an alter ego of themselves and/or fail to operate

Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

    (a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c)    transferring assets and debts freely as between all Defendants;

    (d)    operating Defendant Corporation for their own benefit as the sole or majority shareholders;

    (e)    operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    (f)    intermingling assets and debts of their own with Defendant Corporation;

    (g)    diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

    (h)    other actions evincing a failure to adhere to the corporate form.

36.    At all relevant times, Defendants were Plaintiff Garcia's employers within the meaning of the FLSA and NYLL.

37.    Defendants had the power to hire and fire Plaintiff Garcia, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Garcia's services.

7

38.     In each year from 2016 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Indian restaurant on a daily basis were produced outside of the State of New York.

### Individual Plaintiff

40.     Plaintiff Garcia is a former employee of Defendants who was ostensibly employed as a delivery worker, but who spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

41.     Plaintiff Garcia seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### Plaintiff Jaime Garcia Pacheco

42.     Plaintiff Garcia was employed by Defendants from approximately September 2016 until on or about January 2017.

43.     At all relevant times, Plaintiff Garcia was ostensibly employed by Defendants as a delivery worker. However, Plaintiff Garcia spent at least 20% of each work day performing the non-delivery, non-tip duties outlined above.

44.     Plaintiff Garcia regularly handled goods in interstate commerce, such as food and other supplies produced outside of the State of New York.

45.     Plaintiff Garcia's work duties required neither discretion nor independent judgment.

8

46.    Throughout his employment with Defendants, Plaintiff Garcia regularly worked in excess of 40 hours per week.

47.    From approximately September 2016 until on or about January 2017, Plaintiff Garcia worked from approximately 4:30 p.m. until on or about 12:00 a.m. Tuesdays through Sundays (typically 52.5 hours per week).

48.    Plaintiff Garcia was paid his wages in cash.

49.    From approximately September 2016 until on or about January 2017, Plaintiff Garcia was paid a fixed weekly salary of $180.00.

50.    In addition, Defendants failed to pay Plaintiff Garcia one week worth of wages.

51.    Plaintiff Garcia's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

52.    For example, defendants required Plaintiff Garcia to stay an additional hour after his departure time to clean up the restaurant.

53.    Defendants never granted Plaintiff Garcia any break or meal periods of any length.

54.    Plaintiff Garcia was never notified by Defendants that his tips would be included as an offset for wages.

55.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Garcia's wages.

56.    Plaintiff Garcia was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

57.    Defendants never provided Plaintiff Garcia with a written notice, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

59.    Defendants required Plaintiff Garcia to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, two pairs of boots for washing the kitchen, and two raincoats.

*Defendants' General Employment Practices*

60.    Defendants regularly required their employees, including Plaintiff Garcia, to work in excess of forty (40) hours per week without paying them the proper minimum wage or overtime compensation.

61.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Garcia (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

62.    Plaintiff Garcia was a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

63.    Defendants failed to inform Plaintiff Garcia that his tips would be credited towards the payment of the minimum wage.

10

64.     At no time did Defendants inform Plaintiff Garcia that they had reduced his hourly wage by a tip allowance.

65.     Defendants failed to maintain a record of tips earned by Plaintiff Garcia for the deliveries he made to customers.

66.     Defendants required all delivery workers, including Plaintiff Garcia, to perform general non-delivery, non-tipped diner tasks in addition to their primary duties as delivery workers.

67.     Plaintiff Garcia, and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-delivery, non-tipped duties.

68.     Plaintiff Garcia and all other delivery workers were never paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants are not entitled to a tip credit because the delivery worker's and Plaintiff Garcia's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146).

69.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he is assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

70.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

71.     The delivery workers', including Plaintiff Garcia's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general diner work with duties, including the non-tipped duties described above.

11

72.    In violation of federal and state law as codified above, Defendants classified Plaintiff Garcia and other delivery workers as tipped employees, but never paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

73.    Defendants' pay practices resulted in Defendants' delivery workers, including Plaintiff Garcia, never being paid for all their hours worked, which resulted in their effective rate of pay falling below the required minimum and overtime wage rate.

74.    Plaintiff Garcia was paid his wages entirely in cash.

75.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

76.    Upon information and belief, this was done to disguise the actual number of hours Plaintiff Garcia, and similarly situated employees, worked and avoided paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

77.    Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Garcia, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Garcia's, relative lack of sophistication in wage and hour laws.

78.    Defendants failed to provide Plaintiff Garcia and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79.    Defendants failed to provide Plaintiff Garcia and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language (Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

80.    Plaintiff Garcia brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

81.    At all relevant times, Plaintiff Garcia, and other members of the FLSA Class who are and/or were similarly situated, had substantially similar job requirements and pay provisions.

82.   At all relevant times, Plaintiff Garcia, and other members of the FLSA class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the minimum wage required by the FLSA.

83.   The claims of Plaintiff Garcia stated herein are similar to those of the other employees.

**FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

84.   Plaintiff Garcia sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

85.   Plaintiff Garcia brings his New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Garcia, are referred to herein as the "Class."

86.   The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

87.   There are questions of law and fact common to the Class including:

a.   What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

14

b.   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c.   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d.   Whether Defendants failed and/or refused to pay Plaintiff Garcia the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e.   Whether Defendants failed and/or refused to pay Plaintiff Garcia "Spread of Hours" Pay;

f.   Whether Defendants improperly deducted "shorts" from the Plaintiff Garcia's wages;

g.   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h.   What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

88.   The claims of the representative parties are typical of the claims of the class. Plaintiff Garcia and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiff Garcia were and are typical of those of class members.

15

89.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

90.    The common questions of law and fact predominate over questions affecting only individual members.

91.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

92.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

93.    Plaintiff Garcia repeats and re-alleges all paragraphs above as though fully set forth herein.

94.    At all times relevant to this action, Defendants were Plaintiff Garcia's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Garcia

16

(and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

95.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

96.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

97.    Defendants failed to pay Plaintiff Garcia (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

98.    Defendants' failure to pay Plaintiff Garcia (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

99.    Plaintiff Garcia (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

100.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

101.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Garcia (and the FLSA and Rule 23 class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

17

102.    Defendants' failure to pay Plaintiff Garcia , and the putative FLSA and Rule 23 class  members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.    Plaintiff Garcia (and the FLSA and Rule 23class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

104.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiff Garcia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Garcia, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

106.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Garcia (and the FLSA and Rule 23 class members) less than the minimum wage.

107.    Defendants' failure to pay Plaintiff Garcia (and the FLSA and Rule 23 class members)  the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Garcia (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

18

109.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Garcia (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.    Defendants' failure to pay Plaintiff Garcia (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Garcia (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

113.    Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants failed to provide Plaintiff Garcia (and the FLSA and Rule 23 class members) with a written notice, in English and in Spanish (Plaintiff Garcia's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

115.    Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

116.    Plaintiff Garcia repeats and realleges all paragraphs above as though set forth fully herein.

117.    With each payment of wages, Defendants failed to provide Plaintiff Garcia (and the FLSA and Rule 23 class members) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

118.    Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

119.    Plaintiff Garcia repeats and re-alleges all paragraphs above as though set forth fully herein.

120.    Defendants required Plaintiff Garcia to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

20

his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

121.    Plaintiff Garcia was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Garcia respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Garcia and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Garcia and the FLSA and Rule 23 class members;

(d)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Garcia and the FLSA and Rule 23 class members;

(e)    Awarding Plaintiff Garcia (and the FLSA and Rule 23 class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiff Garcia (and the FLSA and Rule 23 class members) liquidated

damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Garcia and the FLSA and Rule 23 class members;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Garcia (and the FLSA and Rule 23 class members);

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Garcia's (and the FLSA and Rule 23 class members) compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Garcia and the FLSA and Rule 23 class members;

(k)     Awarding Plaintiff Garcia (and the FLSA and Rule 23 class members) damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages as applicable;

(l)     Awarding Plaintiff Garcia (and the FLSA and Rule 23 class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Garcia (and the FLSA and Rule 23 class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum

wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)      Awarding Plaintiff Garcia and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Garcia and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Garcia demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
       April 28, 2017

                        MICHAEL FAILLACE & ASSOCIATES, P.C.


                        ___/s/ Michael Faillace_____
                        By:    Michael A. Faillace [MF-8436]
                               60 East 42nd Street, Suite 4510
                               New York, New York 10165
                               (212) 317-1200
                               *Attorneys for Plaintiff*

23

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 21, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jaime Garcia Pacheco

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            21 de abril de 2017

*Certified as a minority-owned business in the State of New York*