USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/17/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMIE GARCIA PACHECO, *individually and on behalf of others similarly situated*,

Plaintiff,

v.

SHREE LAXMI RESTAURANT INC., *doing business as* SWAGAT, ABISHEK SHARMA, and LALA R. SHARMA,

Defendants.

---

No. 17-CV-3165 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Jaime Garcia Pacheco ("Plaintiff") brought this action against Defendants Shree Laxmi Restaurant Inc. (d/b/a Swagat), Abishek Sharma, and Lala R. Sharma (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Presently before the Court is the parties' proposed settlement agreement and release of claims (the "Agreement"). *See* Dkt. 44-1.

The Court, having reviewed the Agreement and fairness letter, finds that the settlement amount and the attorney's fees provision are fair and reasonable. But the Court cannot approve the Agreement so long as it: (1) does not specify what amount of the total settlement will be allocated to Plaintiff and (2) contains the present release and non-disparagement provisions. The Court therefore denies the parties' request for approval of the Agreement without prejudice to renew in accordance with this opinion.

### A. The Settlement Amount

Under the terms of the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $16,000 in exchange for the relinquishment of his FLSA and NYLL claims. Agreement ¶

1. After attorney's fees are subtracted, Plaintiff states in his fairness latter that he will receive $10,666.67. *See* Fairness Letter at 2. Plaintiff estimates that, in the best case scenario, he would be entitled to approximately $5,928.75 in minimum and overtime base wages. *See id.* Although Plaintiff's recovery is nearly double what he asserts that he would receive if he was successful at trial on his minimum and overtime base wage claims, this recovery amount does not take into account liquidated damages and any potential recovery on his other claims. *See* Compl. at 19-21 (alleging violations of the NYLL notice and recordkeeping requirements and wage statement provisions, as well as demanding the recovery of equipment costs). Consequently, the settlement amount is fair and reasonable to both Defendants and Plaintiff. *Cf. Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

Nevertheless, the Agreement does not specify that Plaintiff will receive $10,666.67. Rather, the Agreement states that "[d]etermination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel." *See* Agreement ¶ 1, i.-vi. Although the Court has no reason not to trust Plaintiff's counsel's representation in the fairness letter that Plaintiff will receive $10,666.67 of the $16,000 settlement amount, *see* Fairness Letter at 2, the parties are ordered to confirm that allocation in the Agreement itself.

### B. Attorney's Fees

The Court approves the requested award of attorney's fees and costs. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d, 229-30 (S.D.N.Y. 2016). When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2

(S.D.N.Y. Dec. 14, 2015). According to the fairness letter, Plaintiff will receive $10,666.67 and his attorneys will receive $5,333.33. The attorney's fee award is exactly one-third (33.33%) of the settlement amount. The amount of this fee is therefore reasonable as a fair percentage of the award.

### C. The Release and Non-Disparagement Provisions

The Court does not find the parties' release of claims and non-disparagement provisions to be fair and reasonable.

#### 1. The Release Provision

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria*, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty*, LLC, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

Here, the parties' release provision is not limited to the "claims at issue in this action." Rather, this provision has the parties release and discharge one another from all claims and liabilities which the parties "at any time ha[ve] [or] had" against one another. Agreement ¶ 5(a). This does not meet the standards established for approval by courts in this District. *See Lazaro-Garcia*, 2015 WL 9162701, at *2 (finding that an agreement requiring plaintiff "to waive essentially all claims that may have arisen out of his employment with Defendants" was not fair

and reasonable); *Larrea v. FPC Coffees Realty Co.*, Inc., No. 15-CV-1515 (RA), 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) (striking a mutual release agreement that required "Plaintiffs to waive virtually any claim, of any type, in existence now or in the future, against Defendants or any possibly related entity").

Nor can this release be salvaged because it is mutual. Although some courts in this District have approved sweeping release provisions on the basis of their mutuality, *see, e.g., Cionca v. Interactive Realty, LLC*, 2016 WL 3440554, at *4, this Court has expressly declined to do so, "'absent a sound explanation for how this broad release benefits the plaintiff employee,'" *see Larrea*, 2017 WL 1857246, at *3 (quoting *Gurung*, 226 F. Supp. 3d at 229). The parties in this action have provided no such explanation. The Court therefore cannot approve the Agreement so long as it contains the present release provision.

## 2. The Non-Disparagement Provision

The Agreement also includes a non-disparagement provision that bars both Plaintiff and Defendants from disparaging one another. Agreement ¶ 20.

Courts must carefully review any confidentiality provisions in FLSA settlements because they are potentially in tension with Congress's broader goal of ensuring widespread compliance with the statute. *See Lopez*, 96 F. Supp. 3d at 177–78. Although not all non-disparagement clauses are *per se* objectionable, if the provision "would bar plaintiffs from making 'any negative statement' about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the statute." *Id.* at 180 n.65.

The instant non-disparagement provision contains no such carve-out. Without this exception, Defendants could argue that Plaintiff would violate the agreement by informing other

4

employees—who may not be aware of their rights under FLSA—of the company's failure to pay the wages required by law. "Barring the plaintiff from speaking about the settlement would . . . thwart Congress's intent to ensure widespread compliance with the statute . . . by silencing the employee who has vindicated a disputed FLSA right." *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2015 WL 129723, at *2 (S.DN.Y. Jan. 9, 2015) (internal citations and alteration omitted). Consequently, this Court will not approve the Agreement so long as it contains the non-disparagement provision as written.

## CONCLUSION

For the reasons stated above, the Court cannot approve the parties' Agreement. The parties may proceed as follows no later than January 4, 2019:

1. The parties may file a revised Agreement that (1) specifies what amount of the total settlement amount will be allocated to Plaintiff by Plaintiff's counsel and (2) removes the release and non-disparagement provisions;

2. The parties may file a joint letter indicating their intention to abandon the Agreement and continue pursuing this litigation; or

3. The parties may stipulate to a dismissal of this action without prejudice, as the Second Circuit has not expressly held that such settlement agreements require court approval. *See Cheeks*, 796 F.3d at 201 n.2.

SO ORDERED.

Dated: December 17, 2018
       New York, New York

Ronnie Abrams
United States District Judge